UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCAGGS,<br><br>                                    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Respondent. | Case No.: 06-cr-00206-JAH-4<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**<br><br>**[ECF No. 337-1]** |

Before the Court is Petitioner Leonard Scaggs' ("Petitioner") motion to vacate, set aside, or challenge his sentence pursuant to 28 U.S.C. § 2255. ECF No. 337-1 (the "Motion" or "Mot."). After a thorough review of the record and the Petitioner's submission, and for the reasons set forth below, this Court DENIES Petitioner's motion to vacate or set aside his sentence.

## BACKGROUND

On August 25, 2006, Petitioner was charged by a grand jury with first-degree murder occurring on 32nd Street Naval Station and aiding and abetting, in violation of 18 U.S.C. §§ 1111 and 2. ECF No. 18 ("Superseding Indictment"). Petitioner and his co-defendant, David Scaggs, were tried by a jury in a nine-day trial that began on May 28, 2008. *See*

ECF Nos. 173, 174, 176, 179, 183, 184, 188, 190, 191.  Petitioner was found guilty of first-degree murder on June 10, 2008.  ECF No. 193 ("Jury Verdict").  On November 3, 2008, Petitioner was sentenced by this Court to a term of life imprisonment.  ECF No. 240 ("Judgment").  On November 10, 2008, Petitioner appealed his conviction to the Ninth Circuit, asserting that the district court erred in:  (1) denying his motion to dismiss for pre-indictment delay; (2) denying his motion for severance; and (3) giving a supplemental instruction in response to a jury question during deliberations.  ECF No. 303 ("Mandate").  The Ninth Circuit rejected Petitioner's arguments, affirming his conviction on April 26, 2010.  *Id*.

On March 18, 2024, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that the United States is without jurisdiction.  *See* Mot.  The government did not file an Opposition.

## LEGAL STANDARD

A Section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds:  (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).

## DISCUSSION

The Court is unpersuaded by Petitioner's contention that the United States was without jurisdiction to prosecute him under 18 U.S.C. §§ 1111 and 2.  In this case, Petitioner was charged with committing murder at 32nd Street Naval Station, a United States Navy Base.  *See* Mot.  Petitioner was convicted by a jury for first degree murder in violation of 18 U.S.C. § 1111, which prohibits murder "[w]ithin the special maritime and territorial jurisdiction of the United States[.]"  18 U.S.C. § 1111(a)-(b); *see* Jury Verdict.  In accordance with 18 U.S.C. § 7, federal courts are permitted "to serve as a forum for the prosecution of certain crimes when they occur within the '[s]pecial maritime and territorial jurisdiction of the United States.'"  *United States v. Markiewicz*, 978 F.2d 786, 797 (2d

2

Cir. 1992). Pursuant to 18 U.S.C. § 7(3), "special maritime and territorial jurisdiction of the United States" is defined as:

> Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

*Id*. § 7(3). "Under the Constitution, the United States has the power to acquire land from the states for certain specified uses and to exercise exclusive jurisdiction over such lands, which are known as federal enclaves." *Lord v. Local Union No. 2088, Int'l Bhd. of Elec. Workers*, 646 F.2d 1057, 1059 (5th Cir. 1981)). "[F]ederal enclaves are under the exclusive jurisdiction of the United States, meaning the property and activities of individuals and corporations within that territory are also under federal jurisdiction." *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034 (N.D. Cal. 2005). "A federal enclave is created when a state cedes jurisdiction over land within its borders to the federal government and Congress accepts that cession." *Allison v. Boeing Laser Technical Servs.*, 689 F.3d 1234, 1235 (10th Cir. 2012); *see also* U.S. CONST. art. I, § 8, cl. 17. For land acquired by the United States before 1940, "[a]cceptance may be presumed in the absence of evidence of a contrary intent." *Atkinson v. State Tax Comm'n of Oregon*, 303 U.S. 20, 23 (1938).

Numerous military installations have been categorized as federal enclaves subject to the special maritime and territorial jurisdiction of the United States. *See, e.g.*, *Lewis v. United States*, 523 U.S. 155, 158 (1998) (finding an Army base to be a federal enclave and applying 18 U.S.C. § 1111); *United States v. Lopez*, 4 F.4th 706, 712 (9th Cir. 2021) (noting Anderson Airforce Base, a federal enclave, was within the special maritime and territorial jurisdiction of the United States); *United States v. Markiewicz*, 978 F.2d 786, 797 (2d Cir. 1992) (stating special maritime and territorial jurisdiction includes military bases).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, Petitioner contends that the United States lacked jurisdiction to prosecute Petitioner, a private citizen, for the common-law crime of murder.  Mot. at 16-18.[1]  In support of his Motion, Petitioner asserts two central arguments.  First, Petitioner contends that the indictment did not address the jurisdictional nature of the common-law crime of murder on a Naval Base.  *Id.* at 16.  Second, Petitioner posits that the State of California never "ce[]ded jurisdiction" to "the offense at hand" and therefore argues that the indictment is "void upon its face."  *Id.* at 16.  The Court addresses both arguments in turn.

The Court does not agree with Petitioner's contention that the indictment fails to address the jurisdictional nature of murder.  "When the sufficiency of the indictment is challenged after trial, it is only required that the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment."  *United States v. James,* 980 F.2d 1314, 1317 (9th Cir. 1992) (internal quotations and citations omitted) (emphasis in original).  Indeed, the plain language of the Superseding Indictment indicates that 32nd Street Naval Station is "a place within the special maritime and territorial jurisdiction of the United States."  *See* ECF No. 18.  Additionally, the Superseding Indictment's express reference to 18 U.S.C. § 1111 put Petitioner on notice of the subject matter jurisdictional element.  *United States v. Read*, 918 F.3d 712, 719 (9th Cir. 2019) (holding an indictment omitting jurisdictional element was nonetheless sufficient to support conviction where the indictment included an express reference to the statute containing a jurisdictional element).[2]  Thus, Petitioner's argument that the indictment is void of a jurisdictional element is without merit.

_____

[1] Unless otherwise stated, page numbers referenced herein refer to page numbers generated by the CM/ECF system.

[2] In any event, the language of the Federal Rules of Criminal Procedure, which govern the required contents of an indictment, set forth no requirement that an indictment address the jurisdictional nature of the crime.  Fed. R. Crim. P. 7(c); *see also Russell v. United States*, 369 U.S. 749, 763–64 (1962) (an indictment adequately charges an offense where it "first . . . contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other

4

Petitioner's contention that California never ceded jurisdiction of the federal crime of murder misstates both law and fact. Where an offense occurs on a federal enclave, a state need not "cede" jurisdiction to a crime, but rather, the federal government exercises exclusive jurisdiction over crimes committed on federal enclaves. *See Paul v. United States*, 371 U.S. 245, 263–64 (1963); *United States v. Jenkins*, 734 F.2d 1322, 1326 (9th Cir. 1983). As such, federal courts are to serve as the forum for the prosecution of certain crimes containing a jurisdictional element, such as 18 U.S.C. § 1111, that occur on federal enclaves. *United States v. Markiewicz*, 978 F.2d 786, 797 (2d Cir. 1992). Indeed, it is established that a military installation is a federal enclave under the exclusive jurisdiction of the federal government if it is shown that the state consented to the cession and the United States accepted the cession. *See Paul*, 371 U.S. at 263–64; *Allison v. Boeing Laser Technical Servs.,* 689 F.3d 1234, 1236 (10th Cir. 2012).

The location at issue here, 32nd Street Naval Station, was ceded with authorization of the State of California to the United States in 1922, therefore becoming a federal enclave. *See, e.g.*, *Carvajal v. Pride Indus., Inc.*, 2013 WL 1728273, at *5 (S.D. Cal. Apr. 22, 2013) ("The Naval Base San Diego, formerly known as The Destroyer Base, became a federal enclave on February 23, 1922 pursuant to General Order No. 78 of the Navy Department and the State of California authorized the transfer of land."); *PRIDE Indus. v. VersAbility Res., Inc.*, 670 F. Supp. 3d 323, 333 (E.D. Va. 2023) ("Naval Base San Diego became a federal enclave in 1922"). Given the cession occurred prior to 1940, the acceptance from the federal government is presumed. *See Atkinson v. State Tax Comm'n of Oregon*, 303 U.S. 20, 23 (1938). District courts in this circuit and others have confirmed that the 32nd Street Naval Station—also known as Naval Base San Diego and formally known as The Destroyer Base—remains a federal enclave subject to federal jurisdiction. *Cabrales v. BAE*

_____

proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.") (internal quotations and citations omitted).

*Systems San Diego Ship Repair, Inc.*, 2023 WL 8458247, at \*6 (S.D. Cal. Dec. 6, 2023) (finding 32nd Street Naval Station to be subject to the federal enclave doctrine and applying federal law); *Segura v. Griffcon, Inc.*, 2017 WL 4271206, at \*1 (C.D. Cal. Sept. 25, 2017) (listing several federal enclaves including Naval Base San Diego). As such, the Court finds that 32nd Street Naval Station is a federal enclave subject to federal jurisdiction.

Accordingly, the Court had proper jurisdiction to prosecute Petitioner for violations of 18 U.S.C. §§ 1111 and 2.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules governing 28 U.S.C. Section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that "jurists of reason could disagree with the district court's resolution of his [case] or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 475 (2000)).

Based on reviewing the record, this Court finds no issues could be debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

///

///

1

**CONCLUSION AND ORDER**

2

Based on the foregoing, IT IS HEREBY ORDERED:

3      1.      Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**;

4              and

5      2.      Petitioner is **DENIED** a certificate of appealability.

6   DATED:      June 20, 2024

7

8                                                    _____

9                                                    JOHN A. HOUSTON
                                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28